# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| LEE HALL,<br><br>     Plaintiff,<br><br>     v.<br><br>GLOBAL CREDIT &<br>COLLECTION CORPORATION,<br><br>     Defendant. | Case No. 8:16-cv-01279-JSM-AEP<br><br><br><br>**PLAINTIFF'S MEMORANDUM<br>OF LAW IN OPPOSITION TO<br>MOTION TO DISMISS** |

Plaintiff Lee Hall ("Ms. Hall") respectfully submits this Memorandum of Law in opposition to the motion to dismiss ("Motion") filed by defendant Global Credit & Collection Corporation ("Defendant").

## **PRELIMINARY STATEMENT**

As a threshold matter, it must be emphasized that Defendant is in default. Defendant failed to seek the Court's permission to file its answer or the Motion out of time. In addition, Defendant failed to get permission from Plaintiff's counsel to file the Motion and, if fact, Defendant was advised that no permission will be granted to file the Motion. Regardless, Defendant filed it anyway.

By way of the Motion, Defendant seeks to dismiss Ms. Hall's complaint for lack of standing and for failure to state a claim upon which relief may be granted

on the basis that Ms. Hall did not suffer an injury and the collection letter Defendant sent to Ms. Hall does not contain inaccuracies. In the event that the Court chooses to hear Defendant's motion, the Motion should be denied for the reasons set forth below.

## STATEMENT OF FACTS

On May 23, 2016, Ms. Hall filed a complaint (the "Complaint") against Defendant, setting forth allegations of deceptive, misleading, and unfair debt collection practices in violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55 *et. seq.* (the "FCCPA"). The alleged violations occurred as a result of Defendant's failure to properly identify the original creditor in a collection letter Defendant sent to Ms. Hall (the "Collection Letter").

The Collection Letter identifies two creditors. On the top portion, Defendant states that the "Original Creditor" is JCP credit card. In the middle portion, Defendant states that the "Current Creditor" is Synchrony Bank. There is no explanation as to who these creditors are and how they are related.

## STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most

favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

The Eleventh Circuit, in addressing the pleading standard under *Twombly*, has stated that "[t]his rule does not 'impose a probability requirement at the pleading stage.'" *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1309 (citations omitted); *see also F.T.C. v. 1st Guar. Mortg. Corp.*, No. 09-61840-CIV-SEITZ, 2011 U.S. Dist. LEXIS 38606, at *6 (S.D. Fla. Mar. 30, 2011) ("Dismissal is only appropriate where the plaintiff's factual allegations do not 'raise a right to relief above a speculative level.'"). Instead, the "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1309-10 (citations omitted). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1310 (citations omitted).

Under Rule 12, the burden rests squarely with the movant to demonstrate that no claim has been stated in the complaint upon which relief can be granted. *Larsen v. AirTran Airways, Inc.*, No. 8:07-cv-442-T-17TBM, 2007 U.S. Dist. LEXIS 58601, 2007 WL 2320592, at *3 (M.D. Fla. Aug. 10, 2007).

In this case, the Complaint sets forth a short and plain statement of the grounds for the Court's jurisdiction in compliance with Rule 8(a)(1), which is the FDCPA. Furthermore, Defendant failed to meet its burden demonstrating that no claim has been presented by Ms. Hall. Viewing the allegations asserted in the Complaint as true and in a light most favorable to Ms. Hall, sufficient plausible facts were pleaded to establish Ms. Hall' injury, Defendant's liability and Ms. Hall's entitlement to relief under the FDCPA. Therefore, Ms. Hall's Complaint successfully pleaded causes of action. Therefore, Defendant's motion to dismiss should be denied in its entirety.

## **LEGAL ARGUMENT**

### **I. DEFENDANT FAILED TO TIMELY ANSWER OR MOVE AND IS IN DEFAULT**

A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12. Alternatively, before

the deadline to file an answer expires, a defendant may present certain defenses to the complaint by motion. Fed. R. Civ. P. 12(b).

Here, Defendant's counsel Brandon M. Wrazen, Esq. executed a waiver of service, which specifically provided:

> I understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 05/24/2016, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

According to the executed waiver of service, the deadline for Defendant to file its answer or otherwise move with respect to the Complaint expired on July 23, 2016. However, Defendant file no answer. Instead, Defendant filed a Motion on August 1, 2016 with permission of the Court or opposing counsel. Defendant is now in default and the Court should not entertain the Motion.

> II. **PLAINTIFF SUFFERED A COGNIZABLE INJURY AND AN INVASION OF A PROTECTED INTEREST THAT GIVES STANDING TO ASSERT A CLAIM UNDER THE FDCPA**

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable

collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with collection of a debt. In addition, a single violation of an FDCPA provision is sufficient to establish civil liability. *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1357 (N.D. Ga. 2008).

A debt collector's communications are analyzed "from the perspective of the least sophisticated debtor" or least sophisticated consumer. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* Accordingly, courts construe its language broadly, so as to effectuate its purpose. *Id.*

FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional. It is described as a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). To that effect, any application of the FDCPA must take into account that the FDCPA is a remedial statute. *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002). Accordingly, courts construe its language broadly, so as to effect its purpose. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006). Furthermore,

"[b]ecause the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2nd Cir. 2013).

Section 1692g(a) of the FDCPA sets forth the required contents of a collection letter. Pursuant to the statute, the debt collector *must* send the consumer a written notice containing the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a).

Language used in a collection letter must be clear to avoid confusion and uncertainty - - it must be effective. *See, e.g. Martinez v. Law Offices of David J. Stern, P.A.*, 266 B.R. 523 (Bankr. S.D. Fla. 2001). Effectiveness is measured by an objective standard of the "least sophisticated consumer." *Id.* at 531-532 (internal quotations omitted). This standard allows for the protection of all consumers, the gullible and the shrewd. *Id.* at 531-532. If the bare bones of the notice required by section 1692g is included in the collection letter, the letter may nevertheless violate the FDCPA if its language is "overshadowed or contradicted by accompanying messages from the debt collector." *Id.* at 531-532.

Here, Defendant's conduct falls squarely within the realm of conduct the FDCPA seeks to protect consumers from. Here, Defendant use deception and misleading information in the Collection Letter as to the identity of the creditor. Based on the least sophisticated consumer standard, Ms. Hall clearly suffered an

injury by not being properly informed by the Defendant as required under section 1692g(a). This is the injury Ms. Hall suffered and *continues* to suffer at the hands of the Defendant. Furthermore, Ms. Hall met the constitutional minimum establishing the she: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "'personally has suffered some actual or threatened injury'"). While an injury in fact must be concrete, the term "concrete" is not synonymous with the term "tangible." The Supreme Court confirmed in many cases that intangible injuries can nevertheless be concrete. *See*, *e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (free exercise).

There is nothing hypothetical or conjectural about Defendant's failure to properly and clearly convey information required by section 1692g(a) of the FDCPA. Undoubtedly, Ms. Hall is affected in personal way when she cannot ascertain the identify of the creditor. Defendant's reliance upon *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447 (May 16, 2016), is misguided. In that case, the individual Robins clearly suffered no injury as the information disseminated about him by *Spokeo, Inc.*, while incorrect, actually made him appear more affluent and successful than he actually was. The Supreme Court opined that "not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code." Id. at 11. This cannot be said of the plaintiff in the instant case.

When viewed the facts in the light most favorable to Ms. Hall, the non-moving party, Ms. Hall suffered more than just a bare procedural violation. Accordingly, Ms. Hall has stated a claim upon which relief can be granted and a motion to dismiss is wholly inappropriate under the circumstances. Defendant's Motion should be denied in its entirety.

### III. THE COMPLAINT SETS FORTH A CAUSE OF ACTION UNDER THE FDCPA

To state a claim under the FDCPA, a plaintiff must allege that: (1) she was the object of collection activity arising from a consumer debt; (2) the defendant is a

FDCPA debt collector; and (3) the defendant engaged in FDCPA prohibited act or omission. *Freire v. Aldrige Connors, LLP*, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. 2014).

In the Motion, Defendant argues that the Collection Letter is not confusing or misleading. Nothing could be further from the truth. In fact, Defendant's claim in its Memorandum in support of the Motion that the Collection Letter "clearly states that the **original creditor** of Plaintiff's debt is AEO, Inc. Visa Card" is blatantly false. *See* Defendant's Memorandum of Law, pg. 5. There is absolutely no reference to AEO, Inc. Visa Card in the Collection Letter that Defendant now identifies as the original creditor. This yet another example of the confusion surrounding the identity of the creditor.

The case of *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109 (9th Cir. 2014) is illustrative on the matter. In *Tourgeman*, the Ninth Circuit reversed the district court's decision to grant summary judgment in favor of the debt collector, reasoning that the debt collector violated section 1692e of the FDCPA by misidentifying the original creditor in the letters sent to plaintiff. The court specifically determined that the debt collector falsely identified plaintiff's original creditor and rendered the sent letters as " materially misleading under section 1692e." *Id* at 1119. The Ninth Circuit opined that "in the context of debt collection, the identity of a consumer's original creditor is a critical piece of

information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way." *Id.* at 1121. By ensuring truthful disclosure of facts, the FDCPA enables the consumer "to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Id.* at 1122 (internal citations omitted). As a result, the Ninth Circuit granted summary judgment in favor of the plaintiff.

Here, the Complaint meets all of the requisite criteria to state a claim under the FDCPA and Ms. Hall *does* have a cause of action against the Defendant for violations of the FDCPA. From the perspective of the least sophisticated consumer, the Collection Letter from Defendant is in fact misleading, deceptive and confusing. Pursuant to section 1692g(a)(2), Defendant is required provide the proper name of the original creditor to the consumer. There nothing bizarre or idiosyncratic about the interpretation of the Collection as the information contained there is just plain false - - "JCP credit card" cannot and is not the original creditor. Since Defendant failed to property identify the creditor, a reasonable juror could certainly find that the Collection Letter does not clearly convey the information required by section 1692g(a)(2) of the FDCPA and Defendant engaged in deceptive, misleading and an unfair debt collection practice.

When viewing facts in a light most favorable to Ms. Hall, the non-moving party, Ms. Hall suffered and continues to suffer from Defendant's lack of proper

disclosure and violation of the FDCPA.  Accordingly, Ms. Hall has stated a claim upon which relief can be granted and a motion to dismiss is inappropriate under the circumstances.  The motion should be denied in its entirety.

### IV. THE MOTION TO DISMISS SHOULD BE DENIED AS DEFENDANT VIOLATED THE FDCPA

Section 1692e broadly prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Miljkovic v. Shafritz & Dinkin, P.A.,* 791 F.3d 1291, 1301 (11th Cir. 2015). The section also provides a non-exhaustive list of sixteen practices including a prohibition on "false representation of the character, amount, or legal status of any debt" and "use of any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. §§ 1692e(2)(A), 1692e(10)).

Here, by failing to properly identify the original creditor, Defendant did not disclose the facts necessary to enable Plaintiff to understand and make an informed decision.  Defendant violated section 1692e of the FDCPA and prevented Plaintiff from fully and meaningfully participating in the debt collection process to Plaintiff's detriment.

When viewed this set of facts in the light most favorable to Ms. Hall, the non-moving party, Defendant did in fact violate the FDCPA.  Accordingly, Ms.

Hall stated a claim upon which relief can be granted and Defendant's Motion should be denied in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant's Motion should be denied in its entirety as the Complaint sets forth sufficient plausible facts establishing Defendant's liability under the FDCPA.

**RC LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: /s/ Michael Jay Ringelheim
    Michael Jay Ringelheim, Esq.

Florida Bar No.: 93291
285 Passaic Street
Hackensack, NJ 07601
Telephone: (201) 282-6500
Facsimile:  (201) 282-6501

Dated: August 11, 2016      Email: mringelheim@gmail.com

### Certification of Service

I, hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid on August 11, 2016 to the following counsel of record.
 Dale T. Golden /Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, FL 33609
Attorneys for Defendants
/s/ Michael Jay Ringelheim
Michael Jay Ringelheim, Esq.