**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEE HALL,

    Plaintiff,

v.                                                   Case No: 8:16-cv-1279-T-30AEP

GLOBAL CREDIT & COLLECTION
CORPORATION,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Dkt. 5) and Plaintiff's Response in Opposition (Dkt. 6). The Court has reviewed these filings, the complaint, the record, and the relevant law and concludes that the motion should be denied.

## DISCUSSION

In this lawsuit, Plaintiff Lee Hall claims that Defendant Global Credit & Collection Corporation violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. More specifically, Hall's complaint alleges that, when Global Credit sent Hall an initial communication concerning one of her debts, the communication contained false and misleading information in violation of the FDCPA and the FCCPA. That communication,

a mailed letter, identified the original creditor on the debt as "JCP credit card." Hall claims that this representation, in particular, was false, as "JCP" was not the original creditor.[1]

Global Credit seeks dismissal on three grounds. It first argues that the representation concerning the identity of the original creditor was accurate, and therefore the communication did not violate the law.[2] Second, it argues that, even if the representation was inaccurate, the inaccuracy was not a "material misrepresentation," which the law requires for the kind of FDCPA claim Hall is raising. And third, citing the recent Supreme Court decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Global Credit argues that Hall, having suffered no concrete injury, lacks standing to bring this lawsuit. As explained below, these arguments fail.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted). Furthermore, they must accept all factual allegations contained in the complaint as true,

---

[1] The complaint did not attach the letter; Global Credit attached it to its motion. Because the complaint did refer to the letter, and because no party questions its contents, the Court may consider those contents in a motion to dismiss. *La Grasta v. First Union Securities, Inc.*, 353 F.3d 840, 845 (11th Cir. 2004).

[2] Though, strangely, in making this argument Global Credit states that the original creditor is "AEO, Inc. Visa Card" despite the patent clarity with which the letter, which Global Credit supplies, identifies the original creditor as "JCP credit card." (Dkt. 5, p. 5; Dkt. 5-1).

2

and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

**Accuracy and Materiality**

The FDCPA seeks to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To that end, the law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The representation at issue in this case is the identity of the original creditor on Hall's debt. Global Credit first argues that its letter to Hall, which named the original creditor as "JCP credit card," was accurate, and therefore could not have been a false, deceptive, or misleading practice.

Global Credit may, at some point, prove this assertion to be true, but at this stage of the litigation the assertion has no relevance. Relevant now are Hall's factual allegations in

3

the complaint that "[n]either 'JCP Credit Card' nor 'JCP' are in fact the original creditor of the [a]lleged [d]ebt" and that "JCP does not issue credit cards or extend credit at all." The Court must accept these allegations as true, *Erickson*, 551 U.S. at 93-94, and accepted as true, they state a claim under the FDCPA and survive a motion to dismiss. Whether they are in fact true is an inquiry left for discovery and the summary judgment stage of litigation. *See id.*

Global Credit's second argument—that any inaccuracy in its communication with Hall was not a material misrepresentation—is likewise premature. When evaluating FDCPA claims alleging false or misleading representations, courts in this circuit ask whether the "least-sophisticated consumer would be deceived or misled by the communication at issue." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)). This standard, the Eleventh Circuit has said, was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous." *Id.* at 1172-73. It is an objective standard, one that "protect[s] naïve consumers" but "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d 1185 at 1194 (internal quotation marks and citations omitted).

Global Credit argues that Hall's alleged misrepresentation is among the latter, bizarre kind—that its representation to Hall would not mislead the least-sophisticated consumer. Specifically, Global Credit argues that "JCP," while not the original creditor as stated on the letter to Hall, was the merchant that issued Hall her "store brand" credit card.

4

(Dkt. 5, p. 7). Such a representation, Global Credit continues, would help "the consumer by providing additional guidance as to whom the debt was owed and where the original debt was incurred." (Id.). In other words, by identifying the merchant who issued the credit card, not the original creditor itself, Global Credit argues that the least-sophisticated would be able to follow this lead and learn not only the identity of the original creditor but additional information about the debt itself.

Again, this assertion might prove to be true, but because it relies on facts that are outside the pleadings, the Court cannot consider it as part of a motion to dismiss. *La Grasta*, 358 F.3d at 845. The complaint's factual allegations, to which the Court's consideration is confined, *see id.*, specify that Global Credit's representation to Hall identified the original credit as "JCP credit card," that neither JCP credit card nor JCP were the original creditor, and that neither entities are in fact creditors. The Court has no trouble concluding that naming as the original creditor of a debt an entity that was not the creditor, and could not have been because it does not extend credit, would at a minimum mislead the least-sophisticated consumer as to the origin of his debt. *Compare Hepsen v. Resurgent Capital Services, LP*, 383 F. App'x. 877, 881 (11th Cir. 2010) (affirming district court's conclusion that misrepresentations concerning debt amount satisfied the least-sophisticated consumer standard). Hall has adequately pled a violation of the FDCPA. Of course, if Hall's allegations turn out to be frivolous, Global Credit could ask the Court to award prevailing party attorney's fees or even to consider the imposition of sanctions. *See* 15 U.S.C. § 1692k(a)(3); 28 U.S.C. § 1927.

5

**The Effect of *Spokeo***

Global Credit last argues that Hall's complaint must be dismissed in light of the recent Supreme Court decision, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), because Hall has "not presented any evidence" that he suffered a concrete injury. (Dkt. 5, p. 8). This argument fails for three reasons.

First, by expecting "evidence" from Hall, Global Credit again expects too much by way of judicial scrutiny at the motion to dismiss stage. Hall has no duty to supply evidence of anything in her complaint.

Second, Global Credit's argument grossly misreads *Spokeo*. In that case, the plaintiff alleged a violation of the Fair Credit Reporting Act (FCRA) but did not plead any actual harm, and the Court remanded the case to the United States Court of Appeals for the Ninth Circuit because that court had failed to evaluate the two prongs of the Constitution's injury-in-fact requirement: particularity and concreteness. 136 S. Ct. at 1545. The Ninth Circuit, in holding that the plaintiff had standing, concluded only that the plaintiff adequately alleged a violation of *his* individual statutory rights, without evaluating whether that injury—i.e. the particularized FCRA violation—was concrete. *Id.* (emphasis in original). The Court merely held that "[t]his analysis was incomplete." *Id.* It took "no position as to whether the Ninth Circuit's ultimate conclusion—that [the plaintiff] adequately alleged an injury in fact—was correct." *Id.* at 1550.

This holding is a far cry from the one Global Credit advances. In fact, before remanding the case, the Court reaffirmed three important principles of its standing jurisprudence: first, that "concrete" is not synonymous with tangible, *id.* at 1549 (citing

*Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); second, "that Congress may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law,'" *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992)); and third, that the risk of harm alone can satisfy the requirement of concreteness, *id.* (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013)). *Spokeo* remanded for more specific findings on how the statutory violation in that case caused a concrete injury. It in no way stands for the proposition that Hall's alleged statutory violation cannot cause a concrete injury.

The third reason Global Credit's argument fails is that it contradicts on-point Eleventh Circuit precedent. *See Church v. Accretive Health, Inc.*, --- F. App'x. ---, 2016 WL 3611543 (11th Cir. July 6, 2016). In *Church*, the Eleventh Circuit cited *Spokeo* and found that standing existed in a case nearly identical to this one. There, the plaintiff had alleged violations of the FDCPA similar to those alleged here. *Id.* at *1. Noting that standing is a jurisdictional threshold courts must evaluate, the court first found that Congress, through the FDCPA, entitled the plaintiff to certain information, and thus an alleged invasion of this right is not hypothetical or uncertain. *Id.* at 3. It may not result in tangible economic or physical harm, the court noted, but neither does constitutional standing. *Id.* (citing *Spokeo*, 136 S. Ct. at 1549). When the plaintiff alleged that the defendant failed to provide information she was entitled to receive, the Court concluded, she alleged a congressionally elevated cognizable injury. *Id.* She alleged, in other words, a concrete injury.

Though unpublished, this Court is convinced that the Eleventh Circuit's *Church* opinion is a more nuanced application of *Spokeo* and the principles underlying it. It is also directly on point. In the face of that persuasive authority, the Court will not read *Spokeo* as denying Hall standing here. As the plaintiff did in *Church*, Hall adequately alleged an injury in fact. She has standing and the Court has jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 5) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of August, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

8